IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| **JASMINE MICHELLE MITTER,** | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:13-cv-00021 |
| v. | ) | |
| | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | By:    Joel C. Hoppe |
| Defendant. | ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Jasmine Mitter asks this Court to review the Commissioner of Social Security's ("Commissioner") final decision denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–434, 1381–1383f . (*See* ECF No. 3.) This Court has authority to decide Mitter's case under 42 U.S.C. §§ 405(g), 1383(c)(3), and her case is before me by referral under 28 U.S.C. § 636(b)(1)(B). (*See* ECF No. 15.) I recommend that this Court dismiss Mitter's complaint without prejudice because she has failed to prosecute her case.

I. Procedural History

Mitter protectively filed for DIB and SSI on March 30, 2010, alleging disability beginning April 24, 2008. (R. 190, 197.) She said she could not work because of a dislocated left hip, short-term memory loss, gland damage, heart palpitations, a pinched nerve, asthma, and depression. (*See* R. 68.) A state agency twice denied Mitter's application in 2010. (*See* R. 68, 73, 90, 93.) Mitter hired her first attorney in December 2010, one month after her application was denied upon reconsideration. (*See* R. 103.) On January 27, 2012, an Administrative Law Judge

("ALJ") in Charlottesville, Virginia, conducted a hearing via video conference. (*See* R. 28.) Mitter and her attorney appeared at that hearing from Danville, Virginia. (*Id.*) In a written decision dated February 9, 2012, the ALJ found that Mitter was not disabled. (*See generally* R. 28–38.) He denied Mitter's application because she could still perform her past relevant work as a general office worker or waitress. (*See* R. 37.)

In May 2012, Mitter's attorney informed the ALJ that neither he nor his client had received a written decision from the January hearing. (*See* R. 24.) In June or July 2012, Mitter filed an untimely request for the Appeals Council to review the ALJ's decision. (*See* R. 22; *see also* R. 2.) She also hired a new attorney to handle her case before the Appeals Council. (*See* R. 18, 21.) The Appeals Council accepted Mitter's untimely request, but refused to revisit the merits of the ALJ's decision. (R. 1.) It issued that denial on March 25, 2013, at which point the ALJ's decision that Mitter was not entitled to disability benefits became the Commissioner's final decision. (*See* R. 1, 3.) On May 21, 2013, Mitter retained a new attorney (her third) to "appeal" her "most recent hearing denial." (R. 8; *see also* R. 7, 9.)

Mitter filed her complaint *pro se* with this Court on May 24, 2013. (ECF No. 3.) The Clerk's Office gave Mitter hardcopies of the *Pro Se Handbook* and Local Rule 4 on the same day. (*See* ECF Staff Note dated May 28, 2013.) The Commissioner filed her answer and the 580-page administrative transcript in early fall 2013. (*See* ECF Nos. 8, 10.) On October 3, 2013, this Court directed Mitter, pursuant to Local Rule 4(c), to file her brief by November 5, 2013. (*See* ECF No. 11.) That deadline passed without any action.

On February 21, 2014, the Court ordered Mitter to either file her brief or show cause why her case should not be dismissed for failure to prosecute. (*See* ECF No. 14.) The Court also warned Mitter that her case could be dismissed without further notice if she did not comply with

the order by March 18, 2014. (*See id.*) On March 17, 2014, Mitter called the Clerk's Office to ask for more time to respond to the February 21 order. (*See* ECF Staff Note dated Mar. 17, 2014.) The Clerk's Office told Mitter that she needed to file her request in writing. (*Id.*)

The Court received Mitter's first motion for an extension of time on March 24, 2014.[1] (ECF No. 16.) Mitter said that she needed "an extension of proceedings" because she did not have an attorney. (*See id.*) She claimed to have been seeking representation for "close to a year," and that she "had some counseling with the Legal Aid Society about . . . appointing an attorney" to represent her in federal court. (*Id.*) Mitter also stated without explanation that she had "been ill between these times." (*Id.*) She did not say when she expected to have an attorney, or whether she intended to proceed *pro se* if she could not retain one. (*See id.*)

Considering several factors, the Court determined that Mitter was personally responsible for the delay and had a "history of proceeding in a dilatory fashion," *Herbert v. Saffell*, 887 F.2d 267, 270 (4th Cir. 1989), but that her noncompliance did not represent a "bad faith and callous disregard" for the Court's authority, *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). The Court also concluded that Mitter had "minimally shown cause for why her case should not be dismissed at th[at] time for failure to prosecute." (ECF No. 17.)

On March 26, 2014, I issued an order extending Mitter's time for filing her brief until April 25, 2014. (*Id.*) But I warned Mitter that "she must file her brief by April 25, 2014, even if she has not secured an attorney to represent her in this case." (*Id.*) I also warned her again that her case might be dismissed without further notice if she did not meet the Court's deadline. (*See id.*) Finally, I made clear that the Court would look disfavorably upon additional requests to extend the filing time, and that it would grant such requests only for good cause shown. (*Id.*)

---

[1] The date stamped on the envelope containing that motion was partially illegible, but it was clear that Mitter did not mail her request until at least March 20. (*See* ECF No. 16-1.)

On April 24, 2014, the Court received Mitter's second motion requesting additional time within which to file her brief. (*See* ECF No. 18.) Her reason was essentially the same as in March: she does not have an attorney, and "medical conditions" have "caused the delay" in hiring one. (*Id.*) Notably, Mitter did not say whether she had tried to find an attorney in the past month. (*See id.*) Instead, she simply asked "for later dates" to file her "legal brief and [for her] case [to] be preceded [*sic*] in [t]his court." (*Id.*) But Mitter also suggested that she will not file a brief "without representation," even if the Court granted another extension. (*Id.*)

The Court denied Mitter's second motion for an extension of time on April 28, 2014. (*See* ECF No. 19.) Even liberally construing Mitter's explanation, it was clear that she simply wanted more time to find an attorney who will take her case. (*See id.*) The Court explained that Mitter's *pro se* status was not "good cause" for letting her lawsuit languish on the docket. (*See id.*) *See Hasan v. Fairfax Cnty Sch. Bd.*, 405 Fed. App'x 793, 794 (4th Cir. 2010). More specifically, Mitter's *pro se* status did not excuse her failure to comply with the Court's local rules or scheduling order. (*See id.*) *See Kirby v. Richmond Redev. & Hous. Auth.*, No. 3:04-cv-791, 2005 WL 5864797, at *4 (E.D. Va. Sept. 28, 2005). The Court also informed Mitter that it would recommend that the District Court dismiss her Complaint without prejudice. (*See* ECF No. 19.)

II. Discussion

This Court has authority to permanently "clear its calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1963). In determining whether to recommend dismissal with prejudice for failure to prosecute, I must consider: (1) the degree to which Mitter is personally responsible for the delay; (2) the amount of prejudice the delay has caused the Commissioner; (3) whether

4

there is a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) whether there are sanctions less drastic than dismissal with prejudice. *Herbert*, 877 F.2d at 270. These factors "are not a rigid four-prong test. Rather, the propriety of a dismissal . . . depends on the particular circumstances" in Mitter's case. *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989).

Mitter is personally responsible for this delay. *See Titan Atlas Mfg., Inc. v. Sisk*, Nos. 1:11-cv-00012; 1:11-cv-00068, 2013 WL 3283543, at *3 (W.D. Va. Jun. 28, 2013) (finding corporate plaintiff that failed to retain counsel was "personally responsible" for delay); *Silvious v. RR Donnelley & Sons*, No. 5:10-cv-00116, 2011 WL 3846775, at *3 (W.D. Va. Aug. 29, 2011) (noting that a *pro se* plaintiff "bears sole responsibility for his litigation conduct"). Mitter filed her complaint *pro se* on May 24, 2013, and has now had 11 months to find a *fourth* attorney who will take her case. (*See* ECF No. 3; *see also* R. 8–9, 18, 21, 103.) Beyond "some counseling with the Legal Aid Society" between May 2013 and March 2014, it is not clear that Mitter has made any attempt to retain counsel. (ECF No. 16.)

Although Mitter refers to "medical conditions" that have "caused the delay" in hiring counsel, she does not explain what those conditions are, or why they prevent her from forging ahead on her own. (*See* ECF No. 18.) Rather, Mitter's belief that she is ill-equipped to "file a legal brief without representation" seems to be the only reason for her six-month delay. (*See* ECF No. 18.) *Pro se* litigants are of course entitled to some deference in our courts. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). But *pro se* status

5

alone is not a reason to let one's lawsuit languish on the docket. *See Kirby*, 2005 WL 5864797, at *4.[2]

Mitter knew in March 2014 that the Court expected her to file her brief by April 25, 2014, even if she had not found an attorney to take her case. (ECF No. 17.) The Court has also twice warned Mitter that her complaint may be dismissed for failure to prosecute if she does not file her brief by the Court's extended deadline(s). (*See* ECF Nos. 14, 17.) Yet Mitter has only asked for more time to find an attorney. (*See* ECF Nos. 16, 18.) Mitter's personal role in this delay weighs heavily in favor of dismissing her complaint.

Mitter also has a "history of deliberately proceeding in a dilatory fashion" in this Court. *Herbert*, 877 F.2d at 270. First, she failed to file her brief or request an extension by the original November 5, 2013, deadline. (*See* ECF No. 11.) Second, Mitter missed the March 18, 2014, deadline to respond to the Court's February 21, 2014, show-cause order after improperly requesting a last-minute extension. (*See* ECF No. 16.) The Clerk's Office told Mitter on March 17 that she needed to submit her request in writing, but Mitter did not mail that motion until at least March 20. (*See* ECF No. 16-1.) Third, Mitter asked for an indefinite extension at that time because did not have an attorney. (*See* ECF No. 16.)

Fourth, one month later, Mitter barely met the April 25, 2014, deadline for filing *any* "appropriate" document after the Court extended the time to file her *brief*. (ECF No. 17.) Fifth, Mitter asked for a second indefinite extension because she was still unrepresented. (*See* ECF No. 18.) Sixth, Mitter did not say whether she had tried to retain counsel in the past month. (*See id.*) Most significantly, since filing her Complaint 11 months ago, Mitter has not filed any documents that would move her case toward to a conclusion on the merits. Mitter's history of "proceeding

---

[2] I do not find that the Commissioner has suffered any significant prejudice by the delay in moving this case forward in this Court.

in a dilatory fashion," while not necessarily in bad faith, weighs in favor of dismissing her complaint.

Finally, there are sanctions less drastic than dismissal with prejudice available in Mitter's case. *See Herbert*, 877 F.2d at 270. Dismissal with prejudice is a "harsh sanction" reserved for cases in which a party's noncompliance "represents [a] bad faith and callous disregard" for the Court's authority. *Hillig*, 916 F.2d at 174. This is not one of those cases. Mitter's correspondence has been polite, and she has acknowledged the Court's "concern" about her case. (ECF No. 18.) Mitter's demeanor and *pro se* status weigh in favor of dismissing her case *without* prejudice. *See Silvious*, 2011 WL 3846775, at *3 (dismissing *pro se* plaintiff's case without prejudice for failure to prosecute).

III. Conclusion

This Court may dismiss a plaintiff's complaint when she fails to comply with the Court's rules or scheduling order. Two judges on this Court have given Mitter three chances in six months to file a brief. The Court has also admonished Mitter to promptly find an attorney or forge ahead on her own. She has done neither. Instead, Mitter has twice asked for indefinite extensions to find counsel and now suggests that she will not file a brief without representation. After 11 months, Mitter has not taken the necessary steps to allow her case to proceed to a decision on the merits. Therefore, I **RECOMMEND** that this Court **DISMISS without prejudice** Mitter's complaint (ECF No. 3), and strike this case from the Court's active docket.

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review.  At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to Mitter and to all counsel of record.

                                      ENTER: April 28, 2014

                                      Joel C. Hoppe
                                      United States Magistrate Judge