IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JASMINE MICHELLE MITTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:13-cv-00021 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the *Report and Recommendation* (the "*Report*") of the Honorable Joel C. Hoppe, recommending that I dismiss Plaintiff Jasmine Mitter's ("Plaintiff") action because she has repeatedly failed to prosecute her case. [ECF No. 20.] Magistrate Judge Hoppe filed the Report on April 28, 2014, from which date the parties had fourteen (14) days to file and serve specific written objections. See Fed. R. Civ. P. 72(b)(2). Plaintiff filed a written Objection on May 15, 2014. (Pl.'s Obj. [ECF No. 21].) Defendant offered no response within the subsequent fourteen (14) day period, and thus the matter is ripe for review.

In her Objection, Plaintiff fails to address the rationales underlying Judge Hoppe's recommendation. In fact, she confirms that she has not "submitted a formal brief or argument . . . ." (Pl.'s Obj., at pg. 1.) She contends that she should be permitted six months to respond to all pleadings and filings because the Social Security Administration took six months to send its decision to her. (Id.) Additionally, Plaintiff seeks to be excused from the multiple court orders directing her to prosecute her case because she is proceeding *pro se* and has "a disease that impairs [her] movement, seizures, and is seeking treatment for it[.]" (Id. at 2.) Plaintiff's protestations do not excuse her from complying with Judge Hoppe's orders and the rules of this Court.

On October 3, 2013, Plaintiff was informed that she must file a "brief addressing why the Commissioner's decision is not supported by substantial evidence or why the decision should be reversed or the case remanded." Local Gen. R. 4(c). She was instructed to file that brief by November 5, 2013. [ECF No. 11.] Plaintiff ignored that Order without providing any justification for doing so.

On February 21, 2014, Judge Robert Ballou ordered Plaintiff to file "a brief in accordance with [Local Rule 4(c)] or otherwise show cause why this action should not be dismissed for failure to prosecute." (Order, Feb. 21, 2014 [ECF No. 21].) Judge Ballou gave Plaintiff until March 18, 2014, to comply with his Order. Plaintiff ignored *that* Order without justification as well.

On March 24, 2014,[1] Plaintiff requested "an extension of proceedings due to that I do not have an attorney or counsel hired for [her] court case." (Ltr. from J. Mitter to USDC Clerk, Mar. 18, 2014 [ECF No. 16].) Judge Hoppe granted Plaintiff until April 25, 2014, to file her brief, "even if she has not secured an attorney to represent her in this case." (Order, Mar. 26, 2014 [ECF No. 17].) He explicitly warned her that "the Court will look disfavorably upon any additional motion to extend the filing time and will grant such a request only upon a showing of good cause." (Id.) Plaintiff ignored that warning and filed another motion to extend her deadline on April 24, 2014. (Ltr. from J. Mitter to USDC Clerk, Apr. 17, 2014 [ECF No. 18].) Judge Hoppe properly denied that Motion because Plaintiff had not shown good cause to extend the deadlines any further.[2]

Thereafter, Judge Hoppe recommended that I dismiss Plaintiff's case without prejudice due to her failure to prosecute her claim. (Report, at pg. 1.) Judge Hoppe considered the

---

[1] Although the letter was delivered to the Court on March 24, it is dated March 18, 2014.

[2] By that time, Plaintiff's original 30-day deadline had been extended to 205 days.

following factors when reaching this conclusion: (1) the degree to which Plaintiff was personally responsible for the delay; (2) the amount of prejudice the delay has caused the Commissioner; (3) whether there was a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) whether there are sanctions less drastic than dismissal with prejudice. (Report, at pgs 4 (citing Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989)).) Based on the Record, Judge Hoppe reasonably and properly concluded that Plaintiff was personally responsible for the delay, that her excuses for delay were not sufficient, that she has a history of deliberate and dilatory filings, and that dismissal without prejudice—a less drastic sanction than dismissal with prejudice—would be appropriate under the circumstances. (Id. at 5−7.)

In her Objection, Plaintiff does not dispute or address any of these conclusions.[3] Rather, she continues to assert that, without an attorney, she cannot proceed in this case. While I am sympathetic to Plaintiff's *pro se* status, it was her choice to proceed without an attorney, and she is required to comply with any applicable court rules and court orders. She has repeatedly failed to do so, and her refusal to comply with the basic rules of procedure will not be countenanced.

Accordingly, I hereby **OVERRULE** Plaintiff's Objections [ECF No. 21], **ADOPT** Judge Hoppe's *Report* [ECF No. 20], and **DISMISS** this case for failure to prosecute. This dismissal is

---

[3] Pursuant to Rule 72(b)(2), "a party may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "[A] judge of the court shall make a de novo determination of *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (2014) (emphasis added). A *general* objection to the proposed findings and recommendations of a magistrate judge, on the other hand, has the same effect as no objection at all. See, e.g., United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by [Rule 72(b)] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court . . . ."); Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("[B]ecause Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and '[a] general objection . . . has the same effect as would a failure to object,' no part of the Report is subject to this Court's de novo review." (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991))).

**WITHOUT PREJUDICE**.  The Clerk is directed to remove this case from the active docket of the Court.

The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of record, as well as to Magistrate Judge Hoppe.

ENTERED this 30th day of May, 2014.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE